UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ERNEST BRYAN NOBLE, | ) |
| Plaintiff, | ) Civil No. 13-353-ART |
| v. | ) |
| | ) **ORDER** |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*, | ) |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

The plaintiff, Ernest Noble, brought this action under 42 U.S.C. § 405(g) to obtain judicial review of the Social Security Commissioner's decision to deny his disability insurance benefits. R. 1 at 1. Because substantial evidence in the record supports the Administrative Law Judge's decision, Noble's motion for summary judgment, R. 11, is denied and the Commissioner's motion for summary judgment, R. 14, is granted.

## BACKGROUND

This is Ernest Noble's second bite at the disability benefits apple. Noble first filed for disability back in 2008. R. 9-1 at 45 (Tr. at 42). Administrative Law Judge (ALJ) Gloria York denied that claim in 2010, finding that he was not disabled. *Id.* at 42–54 (Tr. at 39–51). About two months later, Noble filed a renewed claim for benefits. *Id.* at 145–49 (Tr. at 142–46). As before, he claims that he has been unable to work since April 2006. *Id.* Some of Noble's alleged disabilities include high blood pressure, sleep apnea, back and knee pain, carpal tunnel, and depression. *Id.* at 216 (Tr. at 213). The Social Security Administration

again denied his application. *Id.* at 13 (Tr. at 10). After receiving reconsideration and another denial, Noble requested a hearing before an ALJ. *Id.* ALJ Charles Arnold held a video hearing on June 12, 2012, and Noble testified. *Id.* at 13, 27–41 (Tr. at 10, 24–38). No vocational expert (VE) testified because the ALJ found it unnecessary. *Id.* at 13 (Tr. at 10).

The new ALJ denied Noble's claim. Applying the traditional five-step analysis for Social Security decisions, *see Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); 20 C.F.R. §§404.920, 404.1520, the ALJ found as follows: First, the ALJ found that Noble had not engaged in substantial gainful activity during the period from his alleged onset date through his date last insured of December 31, 2011. R. 9-1 at 15 (Tr. at 12). Second, Noble has two severe impairments, namely obesity with back strain and hypertension (high blood pressure). *Id*. at 16 (Tr. at 13). Third, Noble's impairments do not meet or equal one of the Commissioner's listed impairments. *Id.* Fourth, Noble retains the residual functional capacity (RFC) to perform the full range of medium work. *Id.* at 17 (Tr. at 14). Applying the Commission's rules of *res judicata*, the ALJ found Noble's prior RFC binding because there is "no new and material medical evidence of a change in [his] condition" warranting a different RFC. *Id.* And finally, the ALJ found that although Noble is unable to perform any past relevant work, he is able to perform jobs that exist in significant numbers in the national economy, given his age, education, work experience, and RFC. *Id.* at 18 (Tr. at 15). To reach this conclusion, the ALJ simply applied Medical-Vocation Rule 203.29; he did not consider any testimony from a VE. *Id.*

The ALJ accordingly determined that Noble is not disabled as defined in the Social Security Act. *Id.* The Appeals Council declined review. *Id.* at 4 (Tr. at 1). At that point, the

ALJ's denial became the final decision of the Social Security Commissioner, and Noble filed his complaint in this Court, R. 1.

## DISCUSSION

Under the Social Security Act, the Court conducts a limited review of the Commissioner's decision. 42 U.S.C. § 405(g). The Court may only evaluate whether the ALJ applied the correct legal standard and made factual findings that are supported by substantial evidence in the record. *Id.*; *see also Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (articulating the same standard for judicial review by the court of appeals). Substantial evidence means "more than a scintilla of evidence but less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). In assessing the evidence and the judge's decision, the Court cannot "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Id.*; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

Noble argues the ALJ committed three errors warranting remand: (1) treating the prior ALJ's decision as binding despite deterioration in his condition; (2) failing to adequately consider the opinion of a consultative source; and (3) failing to consult a vocational expert. *See* R. 11-1.

### I. The ALJ Appropriately Applied Administrative Preclusion

Generally speaking, under principles of administrative *res judicata* (preclusion), "a subsequent ALJ is bound by the findings of a previous ALJ." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). "When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this

determination," even as to an unadjudicated period, "absent changed circumstances." *Id.* Changed circumstances include "new and material evidence relating to" the claimant's condition. Social Security Acquiescence Ruling (AR) 98-4(6), 1998 WL 283902 at *3. Casey v. Sec'y of H.H.S., 987 F.2d 1230, 1232-1233 (1993). But it is Nobel's burden to prove that his condition has so worsened during the period between the Commissioner's previous denial of benefits and the expiration of his insured status in December 2011 that he warrants a significantly more restrictive RFC. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1232–33 (6th Cir. 1993) ("[W]hen a plaintiff previously has been adjudicated not disabled, she must show that her condition so worsened in comparison to her earlier condition that she was unable to perform substantial gainful activity.").

Nobel has failed to carry his burden according to the Commissioner, and that conclusion is supported by substantial evidence. The ALJ found two new severe impairments the prior ALJ did not find, obesity with back strain and hypertension (the earlier ALJ found only obesity), R. 9-1 at 16 (Tr. at 13), and Noble says this is new and material evidence warranting a fresh assessment, R. 11-1 at 4–5. But the current ALJ's underlying medical analysis does not reflect new *material* evidence warranting a revised RFC.

As the ALJ noted, Noble continues to report that he is doing well. R. 9-1 at 17 (Tr. at 14). In May 2010, about two months before he filed his second claim, Noble had no complaints. *Id.* at 257 (Tr. at 254). And a June 2012 examination was similarly positive. *Id.* at 291 (Tr. at 288) ("The patient is doing good – no new issues."). Although Noble complained of persistent leg cramps, he repeatedly refused musculoskeletal testing. *Id.* at 288, 291 (Tr. at 285, 288). This suggests his symptoms are not that debilitating. The examiner also noted no recent musculoskeletal pain, and a normal range of motion. *Id.* at

288–89, 291 (Tr. at 285–86, 288). The ALJ accordingly found a general lack of support for Noble's subjective complaints, noting "no evidence of nerve root compression or neurological deficit." *Id.* at 16 (Tr. at 13). As to Noble's hypertension, his blood pressure was slightly elevated at the June 2012 exam, but it was generally controlled. *Id.* at 293 (Tr. at 289). Despite some trouble breathing when lying down, he had no difficulty breathing upon exertion. *Id.* at 288 (Tr. at 285). And contrary to Nobel's argument, his weight has not changed significantly since the prior decision. *Compare id.* at 272 (Tr. at 269) (450 lbs. in October 2010), *with id.* at 289 (Tr. at 286) (456 lbs. in June 2012). This is hardly evidence of decline.

Overall, the ALJ did not find Noble's complaints credible, *id.* at 17 (Tr. at 14), and that conclusion must stand. Since there is ample evidence in the record supporting that finding, the Court will defer to the ALJ: "Credibility determinations with respect to subjective complaints of pain rest with the ALJ." *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009) (alterations and internal quotation marks omitted). As such, there is more than sufficient evidence to support the ALJ's holding that no new and material evidence warrants departing from the prior ALJ's findings. The ALJ's RFC of a full range of medium work therefore has the support of substantial evidence.

## II. The ALJ Adequately Considered the Medical Opinions

Noble also claims that remand is necessary because the ALJ failed to consider the medical views of State agency consulting examiner Dr. Fariha Zaheer, R. 11-1 at 6-8, but the record reflects otherwise. In particular, Noble objects that the ALJ did not consider Dr. Zaheer's conclusion that Noble needs "adequate and frequent breaks" to sit, walk or stand for a full workday. R. 9-1 at 261 (Tr. at 258). The ALJ explicitly noted, however, that his

5

disability findings were "further supported by the opinions of the reviewing state agency medical consultants." *Id.* at 17 (Tr. at 14). He also cited Dr. Zaheer's report several times throughout the decision on various medical points, although none addressing the doctor's view on Nobel's alleged need for "adequate and frequent breaks." *Id.* at 16-17 (Tr. at 13–14) (citing Exhibit B2F, Dr. Zaheer's assessment). Regardless, this all suggests the ALJ fully considered Dr. Zaheer's opinion. That opinion, moreover, is not necessarily even inconsistent with the ALJ's medium-work RFC, as Noble himself admits. R. 11-1 at 10 ("[A]lthough an RFC for a full range of medium work is not inconsistent with most of Dr. Zaheer's limitations, it *may be* inconsistent with a requirement for 'adequate and frequent breaks.'" (emphasis added)). As with the rest of Dr. Zaheer's RFC, "adequate and frequent breaks" is vague, and medium work assumes normal morning, lunch, and afternoon breaks. *See* SSA POMS DI 24510.005(C)(2)(b), *available at* http://policy.ssa.gov/poms.nsf/lnx/0424510005. Based on the rest of his findings, Dr. Zaheer's notation could certainly be read as accepting such breaks as "adequate" when it comes to medium work. So, viewed holistically and read most fairly, the record demonstrates the ALJ adequately considered all the relevant medical opinions and found them consistent with his RFC.

### III. The ALJ Properly Applied the Medical-Vocational Guidelines

Lastly, Noble argues that the ALJ erred by not calling a vocational expert and instead relying exclusively on the Medical-Vocational Guidelines, commonly known as the "Grids." R. 11-1 at 8–10. Noble reiterates that Dr. Zaheer's opinion demonstrates that he is unable to do a full range of medium work; hence, relying on the Grids is improper. *Id.* But since the ALJ's medium-work RFC is supported by substantial evidence, as discussed above, there was no error in applying the Grids. The Grids are large regulatory tables, used to help

6

determine a claimant's disability status, that reflect numerous combinations of vocational and health inputs, including the claimant's RFC. "[T]he grids are a shortcut that eliminate the need for calling in vocational experts." *Hurt v. Sec'y of Health & Human Servs.*, 816 F.2d 1141, 1142 (6th Cir. 1987). Relying on the Grid is appropriate if a claimant has only exertional limitations and is able to perform "a wide range of jobs at the designated level." *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 529 (6th Cir. 1981). And that is exactly what we have here, because the ALJ concluded that Noble was cable of a *full range* of medium work. R. 9-1 at 17 (Tr. at 14). So, since application of the Grids was appropriate, the testimony of a vocational expert was unnecessary. *Kirk*, 667 F.2d at 528. Therefore there was no error.

## CONCLUSION

For the foregoing reasons, Noble's motion for summary judgment, R. 11, is **DENIED**, and the Commissioner's motion for summary judgment, R. 14, is **GRANTED**. The Court will issue an appropriate judgment contemporaneously with this opinion.

This the 11th day of June, 2014.

Signed By:
*Amul R. Thapar* AT
United States District Judge